2010 ME 97

**Randall B. HOFLAND**

v.

**YORK COUNTY JAIL et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 14, 2010.
Decided: Oct. 12, 2010.

Randall B. Hofland, Madison, ME, pro se.

Cassandra S. Shaffer, Esq. Wheeler & Arey, P.A., Waterville, ME, for the York County Jail.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

PER CURIAM.

[¶ 1] Randall B. Hofland appeals from the judgment of the Superior Court (York County, *Fritzsche, J.*) dismissing his complaint for mandamus and injunctive relief and associated motions. On appeal, Hofland contends that the court should have reached the merits of his motions. In reviewing the judgment dismissing Hofland's complaint, we view the material allegations of the complaint as admitted and determine whether the complaint, viewed most favorably to Hofland, alleges facts that would entitle him to relief. *See Fortin v. Roman Catholic Bishop of Portland,* 2005 ME 57, ¶ 10, 871 A.2d 1208, 1213–14.

[¶ 2] The focus of Hofland's argument is that the York County Jail, where he was held as a pretrial detainee, has a constitutional obligation under the First Amend-

ment of the United States Constitution, applicable to states through the Fourteenth Amendment, to: (1) provide, and "ensure fair and equal access to," the newspaper(s) he wants to read, and (2) provide him the opportunity to watch the television news programs of his choice.[1]

## LEGAL ANALYSIS

[¶ 3] At a hearing held on the various motions, Hofland clarified the material factual allegations of his complaint, stating that he "[does] get the newspaper" that is provided by the jail and that he "manage[s] to get most of it most days," but that he does not always receive all parts of the newspaper that interest him after other inmates have read it. Additionally, Hofland stated that another inmate was allowed to change the television channel when Hofland was watching the news and that, at other times, guards did not turn on the news because other inmates were shouting that they wanted to watch something else.

 [¶ 4] A prison regulation that prohibits inmates from accessing newspapers may violate the inmates' First Amendment rights absent a showing that the facility's policy bears a reasonable rela-

tionship to a legitimate penological goal.[2] *See Beard v. Banks*, 548 U.S. 521, 524–25, 528–29, 536, 126 S.Ct. 2572, 165 L.Ed.2d 697 (2006) (holding that a prison regulation that prohibited certain segregated inmates from accessing newspapers did not violate the inmates' First Amendment rights because the policy was reasonably related to a legitimate penological objective); *see also Hall v. Phillips*, No. 04–4131, 2005 WL 3783651, at *7–8, 2005 U.S. Dist. LEXIS 40844, at *18–20 (W.D.Ark.2005) (adopted by *Hall v. Phillips*, No. 04–4131, 2005 WL 3789233, 2005 U.S. Dist. LEXIS 40822 (W.D.Ark.2005)).

 [¶ 5] However, there is no constitutional requirement that prisons or jails provide free newspapers to inmates. *See Hall*, No. 04–4131, 2005 WL 3783651, at *7–8, 2005 U.S. Dist. LEXIS 40844, at *18–21 (holding that there was no constitutional violation when the facility did not prohibit pretrial detainee from receiving or obtaining newspapers, but merely did not provide newspapers). There is also no constitutional requirement that such facilities provide inmates access to television news programming, or to television of any kind. *See Elliott v. Brooks*, No. 98–1470, 1999 WL 525909, at *1, 1999 U.S.App. LEXIS 16765, at *3 (10th Cir.1999) (af-

---

1. Filings in this appeal indicate that Hofland has been transferred to another jail where he is continuing to assert claims similar to those presented in this appeal. Because of the similarity of the claims that are being raised as Hofland is transferred to different facilities, we determine that the action is not moot, and we address the merits of the issues in this appeal. *See Me. Civil Liberties Union v. City of S. Portland*, 1999 ME 121, ¶¶ 8, 10, 734 A.2d 191, 194, 195 (court may reach merits of appeal when issues on appeal are capable of repetition but, if not addressed, may evade review because of their determinate nature— here the changes in Hofland's detention setting).

2. The "right to receive information and ideas" has been determined, in certain con-

texts, to be constitutionally protected, *Kleindienst v. Mandel*, 408 U.S. 753, 762–63, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972) (quotation marks omitted), and an "inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Bell v. Wolfish*, 441 U.S. 520, 546, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

firming dismissal of complaint, concluding that, because "[t]here is no constitutional right to watch television," inmate's constitutional rights were not violated by a system of television broadcast selection that favored the selections of the majority of inmates); *accord Murphy v. Walker,* 51 F.3d 714, 718 n. 8 (7th Cir.1995); *see also Gibbons v. Arpaio,* No. 07–1456–PHX–SMM, 2007 WL 2990151, *1–2, 2007 U.S. Dist. LEXIS 78810, at *2–4 (D.Ariz.2007) (affirming dismissal of First Amendment claim because denial of access to television programs of pretrial detainee's choosing was not a constitutional violation).

[¶ 6] In this case, Hofland alleges that the jail does provide him opportunities to access newspapers, as well as news programming, though he may not always be able to read or view exactly what he wants and when he wants. Accordingly, Hofland has not alleged a cognizable constitutional violation, and the Superior Court did not err in dismissing Hofland's claims.[3]

The entry is:

Judgment affirmed.

---

**3.** We decline to address Hofland's other issues on appeal because they were not preserved for appeal, *see Foster v. Oral Surgery Assocs., P.A.,* 2008 ME 21, ¶ 22, 940 A.2d 1102, 1107; were not developed on appeal and are considered abandoned, *see Holland v. Sebunya,* 2000 ME 160, ¶ 9 n. 6, 759 A.2d 205, 209; or are without merit.